ASA ROBBINS AND WIFE v. THE ISLAND CITY SAVINGS
BANK.

(No. 2233.)

APPEAL from Galveston County. Opinion by WILLSON, J.

BURNETT & HANSCOM, for appellants.

MCLEMORE & CAMPBELL, for appellee.

§ 247. *Contract of settlement executed by a married
woman held valid; case stated.* The suit was brought by
Mrs. Robbins, joined *"pro forma"* by her husband,
against the Island City Savings Bank, to recover an alleged balance of a deposit due to her as one of the depositors in the Island City Savings Bank. The defendant answered by general denial, and further, that the plaintiff
had made a settlement in accord and satisfaction, and had
received all that was due to her under the settlement. The
case was tried by the court without a jury, and judgment
was rendered in favor of the defendant on facts found by
the court, and which finding of facts and conclusions of
law are in the record, and are as follows:

"CONCLUSION OF FACTS.

"1. Plaintiff, Mrs. Hilda B. Robbins, had on deposit
in the defendant bank on the 25th day of January, 1885

in her own name, the sum of $1,500 when the bank suspended business and closed its doors. This money was the separate property of Mrs. Robbins.

"2. The bank being in financial trouble proposed to settle with its depositors by paying them seventy-four per cent. on the dollar of their deposits, one-fourth to be paid in cash and the balance in three notes of the bank, running three, six and nine months respectively. The plaintiffs, Mr. and Mrs. Robbins, talked over this proposed settlement and discussed the propriety of accepting the proposed settlement, and after so discussing it they both agreed that it was the best thing under the circumstances to do; and Mrs. Robbins, with the knowledge, consent and approval of Mr. Robbins, went to the bank and made the settlement with the bank, the terms of which are stated above, and upon the bank paying her the one-fourth of the seventy-four per cent. of her deposit in cash and delivering to her its three promissory notes in equal amounts for the balance thereof, running three, six and nine months, respectively, she signed a receipt in discharge of the bank, which is as follows:

"'No. 643.          GALVESTON, February 27, 1885.

"'Received from the Island City Savings Bank the sum of $1,121.47, being one-fourth of seventy-four (74) per cent. due from said bank, and the obligations of the said Island City Savings Bank for the balance of the seventy-four per cent., payable in three, six and nine months from date, being in full settlement and discharge when paid of all indebtedness to date, without reference to any conditions except the payment of the amounts agreed to be paid.

"'$1,121.47.          MRS. H. B. ROBBINS.'

"3. The notes given plaintiff (Mrs. Robbins) have been fully paid and discharged.

"CONCLUSIONS OF LAW.

"1. The plaintiff, Mrs. Robbins, having made the settlement with the bank, and signed the receipt in discharge

to the bank with the knowledge, consent and approval of her husband, the receipt is valid and binding upon her, and it was not necessary that it should have been signed by Mr. Robbins, because even if it be held to form a contract in its terms, it being shown that Mr. Robbins agreed to the settlement and consenting to his wife signing the receipt, and having acquiesced in the act, it would be just as binding on him as if he had gone through the form of signing it, and it in no way violates the rule prohibiting oral testimony to be introduced to alter or change a written contract to allow evidence to show that the plaintiff, Mr. Robbins, joined in the contract of settlement and intended to be bound by its terms.

"2. The parties having compromised the debt by the plaintiff agreeing to take, and the defendant agreeing to give in satisfaction thereof, part cash and the balance in the notes of the bank, this is a merger of the old debt into a new form of indebtedness, and the acceptance of the cash and the notes by the plaintiffs operated as an accord and satisfaction of the old debt, and, therefore, the agreement of settlement made by the parties, and the receipt given in evidence thereof, are based upon a valid consideration, and therefore the settlement, as made, is binding upon the parties, and in accordance with these findings and conclusions, and judgment is rendered in favor of defendant."

*Held:* The conclusions of fact are supported by the evidence. The trial judge was warranted in holding that the contract of Mrs. Robbins, as evidenced by her receipt, was independent of any composition, or proposed composition, made or attempted to be made with the creditors of the bank. It is expressly stated in said receipt that the settlement is made "without reference to any conditions except the payment of the amounts agreed to be paid," and this condition was fully performed by appellee. That this settlement was founded upon sufficient consideration, there can be no question in view of the evidence. Although Asa Robbins, the husband, did

not sign the agreement of settlement, the evidence shows that he advised and approved it; that it was signed by his wife with his knowledge, consent and sanction. It was therefore as binding upon him as if he had signed it jointly with her. There is no error either of fact or of law in the conclusions of the trial judge.

February 26, 1887.                    Affirmed.